HENRY COHEN (RETIRED)
LAWRENCE A. JACOBSON
SEAN M. JACOBSON

laj@cohenandjacobson.com
sean@cohenandjacobson.com

## ATTORNEY-CLIENT ENGAGEMENT AGREEMENT

This ATTORNEY-CLIENT ENGAGEMENT AGREEMENT ("Agreement") is entered into by and between Santa Clara Square, LLC ("Client") and Cohen and Jacobson, LLP, ("Attorney" or "Counsel").

1.　**Conditions:**

This Agreement is effective upon payment of the Retainer as provided below and execution of this Agreement.

2.　**Scope and Duties:**

Client has engaged Attorney to advise Client with respect to resolution of certain financial matters, including a noticed non-judicial foreclosure sale, and to provide legal services in connection with the prosecution of a Chapter 11 reorganization case in the United States Bankruptcy Court (the "Chapter 11 Case").

In connection with the filing of a Chapter 11 case, Attorney will provide services in aid of the prosecution of the Chapter 11 case and all matters and proceedings necessarily involved and related thereto.  Such services are generally as follows:

a.  To prepare the necessary paperwork to initiate the Chapter 11 case; to assist client in preparing all necessary schedules, statements, and other documents required at the time of filing and immediately thereafter; attend the 341 Hearing and Initial Debtor Interview with the Client; assist Client in the discharge of duties in the Chapter 11 case; to formulate a Disclosure Statement and Plan of Reorganization; to seek confirmation of a Plan, and to initiate such matters and proceedings as are appropriate.  Client acknowledges that Counsel has advised Client of the administrative requirements for Chapter 11 Debtors, including monthly financial reporting requirements, the opening of new books and records starting on the date of the filing of the petition, the opening of a new Debtor in Possession bank account, and other administrative requirements for Chapter 11 debtors.

b.  To deal with all creditors and their agents and attorneys as may be necessary from time to time;

c.  To prepare a Motion for Use of Cash Collateral in order to seek use of cash collateral during the bankruptcy proceeding.  Client acknowledges that Attorneys have advised that

obtaining an order for use of cash collateral requires an appropriate legal and factual showing, or a stipulation with the secured creditor, with the decision made in the Court's discretion, and that absent a cash collateral order Client will not be permitted to access the rents or other funds for use during the Chapter 11 proceeding if these assets are secured by a valid security agreement.

      d.  Defend motions for relief from stay as agreed between Client and Attorneys.

      e.  The scope of duties under this agreement specifically excludes dischargability actions; adversary proceedings, unless otherwise agreed to in writing by Client and Counsel; and all state court litigations whether currently filed or not yet filed.

**3.  Fees and Costs - Rate:**

      Client shall pay the sum of $25,000 as a retainer for fees for legal services and costs (the "Retainer") and the filing fee of $1,039.  Attorney shall charge against such retainer fees Client incurs.   Any credit balance at the conclusion of Attorney's services shall be refunded.

      A reasonable fee for the services of Cohen and Jacobson will be not less than the amount of time spent by the Firm multiplied by our standard hourly rates in effect at the time that the services are rendered.  Presently, the Firm's standard rate for legal services in bankruptcy cases is $400 per hour for work done by partners, and $250 per hour for services performed by associates. Attorney time will be kept in tenths of an hour.

      In addition to paying legal fees, Client shall pay all costs and expenses incurred by Attorney,   including, but not limited, to the following:

      a.  Computerized research – actual cost.
      b.  Paraprofessional services – actual cost.
      c.  Photocopies – $.20 per page if done internally; actual cost of copying, binding, pick-up and delivery if done externally.
      d.  Postage – actual cost.
      e.  Overnight delivery – actual cost.
      f.  Messenger service – actual cost.
      g.  Facsimile transmission – actual cost.
      h.  Long distance telephone – actual cost.
      i.  Parking – actual cost.
      j.  Air transportation – regular coach fare for all flights under two hours; business coach or first class fare for longer flights where a business basis for use of business coach or first-class seating exists.
      k.  Hotels – use of reasonable discretion.
      l.  Meals while traveling – reasonable cost of breakfast and dinner.
      m. Working meals – actual cost of catered office meetings which continue through a normal meal period.

n. Fees and other court costs – actual costs.
o. Court reporter fees, investigative fees and other discovery expenses – actual cost.
p. Witness fees, consultant fees and expert fees – actual cost.
q. Process service – actual cost.
r. UCC searches – actual cost.
s. Bans tape for large mailings – actual cost.

**4.   Payment of Fees:**

Client agrees to pay to Cohen and Jacobson, LLP a retainer, as set forth in paragraph 3 above, prior to commencement of any work. Fees will be applied against the original retainer until such retainer is exhausted, at which time client agrees to replenish the retainer in same amount. All fees are subject to review and approval by the Court.

**5.   No Waiver:**

In the event that the Attorneys continue providing services after Client has failed to timely pay fees and costs as billed, the rendering of such services shall not constitute or be deemed to be a waiver of the Attorneys' right to withdraw and to cease representation

**6.   Payment of Costs:**

Client will pay directly, or reimburse upon presentation of a statement, the filing fee and all costs described in paragraph 3 above. All costs are subject to review and approval by the Court.

**7.   Discharge and Withdrawal:**

The Law Offices of Cohen and Jacobson, LLP reserves the right to withdraw from further representation of Client at any time, subject to the approval of the Bankruptcy Court, if (i) payment of the Firm's fees and costs are not paid on a current basis as provided in the agreement and as allowed by law; (ii) any fact or circumstance that would render Attorney's continuing representation unlawful or unethical; (iii) the Firm's advice and counsel with respect to the conduct of the Chapter 11 proceedings and the duties of the Debtor in Possession are not being followed; or (iv) any other good cause exists. Client may discharge Attorney at any time without cause.

**8.   Disclaimer of Guarantee:**

Nothing in this agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of Client's matter are expressions of opinion only.

**9.  Effective Date:**

This agreement will take effect when Client has performed the conditions stated in paragraph 1.

**10.  Disclaimer of Tax Advice:**

Attorney is not an expert in tax matters and does not possess competency to provide tax advice to Client.  Client acknowledges that it has been informed by Attorney that should if it requires tax advice concerning any matter, that it will be Client's responsibility to consult a tax expert of Client's own choosing for advice regarding tax matters and Client does not rely on any statement of Attorney concerning tax matters.  Any representation provided by the Attorneys with respect to taxing agencies will be limited to interaction regarding resolution of bankruptcy related issues.

**11.  Assistance of Specialized Counsel:**

In the event that the Attorneys consider the engagement of specialized counsel to be necessary or appropriate, Attorneys may engage such counsel for the benefit of Client who shall pay the fees and costs of such specialized counsel, subject to approval by the Bankruptcy Court. In the event of such engagement, the specialized attorneys will present an engagement agreement to Client with terms similar to those contained herein, and will seek appointment of such counsel by the Bankruptcy Court.

**12.  File Retention:**

Client and Attorneys agree that Attorneys shall retain Client's files for a period of one year after conclusion of Attorneys' engagement, unless Client requests delivery of the files within the one year period.   Client agrees that after the expiration of such one year period, Attorneys may destroy Client's file after providing Client with ninety (90) days notice to obtain Client's file from Attorneys.

Please sign your name in the space indicated below, indicating approval and acceptance of the terms of the Engagement Agreement as contained in this document.

Dated: December 18, 2009                    Dated: December 18, 2009

Cohen and Jacobson, LLP                     Santa Clara Square, LLC

By:_____                By:_____
     Lawrence A. Jacobson                         Emily Chen, Member

9.      **Effective Date:**

This agreement will take effect when Client has performed the conditions stated in paragraph 1.

10.     **Disclaimer of Tax Advice:**

Attorney is not an expert in tax matters and does not possess competency to provide tax advice to Client.  Client acknowledges that it has been informed by Attorney that should if it requires tax advice concerning any matter, that it will be Client's responsibility to consult a tax expert of Client's own choosing for advice regarding tax matters and Client does not rely on any statement of Attorney concerning tax matters.  Any representation provided by the Attorneys with respect to taxing agencies will be limited to interaction regarding resolution of bankruptcy related issues.

11.     **Assistance of Specialized Counsel:**

In the event that the Attorneys consider the engagement of specialized counsel to be necessary or appropriate, Attorneys may engage such counsel for the benefit of Client who shall pay the fees and costs of such specialized counsel, subject to approval by the Bankruptcy Court. In the event of such engagement, the specialized attorneys will present an engagement agreement to Client with terms similar to those contained herein, and will seek appointment of such counsel by the Bankruptcy Court.

12.     **File Retention:**

Client and Attorneys agree that Attorneys shall retain Client's files for a period of one year after conclusion of Attorneys' engagement, unless Client requests delivery of the files within the one year period.   Client agrees that after the expiration of such one year period, Attorneys may destroy Client's file after providing Client with ninety (90) days notice to obtain Client's file from Attorneys.

Please sign your name in the space indicated below, indicating approval and acceptance of the terms of the Engagement Agreement as contained in this document.

Dated: December 18, 2009                           Dated: December 18, 2009

Cohen and Jacobson, LLP                            Santa Clara Square, LLC

By:_____             By: _____
        Lawrence A. Jacobson                                Emily Chen, Member