LAWRENCE A. JACOBSON SB# 057393
SEAN M. JACOBSON SB# 227241
COHEN AND JACOBSON, LLP
900 Veterans Boulevard, Suite 600
Redwood City, California 94063
Telephone: (650) 261-6280
Facsimile: (650) 368-6221

Attorneys for Debtor
Santa Clara Square, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:                                          Case No.   09-61196

SANTA CLARA SQUARE, LLC,                        Chapter 11

            Debtor.

**APPLICATION FOR APPOINTMENT OF SPECIAL
COUNSEL AND APPOINTING ROSSI, HAMERSLOUGH,
REISCHL, AND CHUCK AS SPECIAL COUNSEL FOR DEBTOR**

This application of debtor above-named respectfully represents:

1. Santa Clara Square, LLC ("Debtor" or "Applicant") filed with this Court its petition under Chapter 11 of Title 11 USC commencing this reorganization case December 21, 2009.

2. In connection with its proposed Chapter 11 Plan, which will be filed on or before March 21, 2010, Debtor will be seeking to sell, develop, lease and/or refinance the commercial real property which constitutes Debtor's primary asset (or some combination of these alternatives). In connection with these efforts Debtor has been seeking, and has received, multiple offers which include various alternatives for the sale, development, and other related business opportunities which involve the property. Given that the Plan will be filed imminently, Debtor seeks the expeditious appointment of special counsel as detailed herein.

3. The real property which constitutes the Debtor's primary asset is a large piece of

commercial real property located in Santa Clara, California. The Property is configured as a shopping center, and consists a total of 138,915 square feet on 12.59 acres of land (the "Property"). The property is valued at a minimum of $19,000,000, and there exists a secured claim of approximately $14,500,000. The Property is occupied by three commercial tenants, but its maximum potential may be as a development property. Debtor has explored, both recently and during the pre-petition period, alternatives for developing the Property. These efforts were made to evaluate whether the Debtor itself would develop the Property as part of the Chapter 11 Plan, or alternatively whether the Debtor would obtain entitlements to make the Property more attractive to prospective purchasers.

4. In connection with the current offers for sale, Debtor has been presented with multiple offers for purchase and letters of intent from potential purchasers. One prospective purchaser has also presented Debtor with a detailed proposed Purchase and Sale Agreement. The Purchase and Sale Agreement is a detailed contract which involves specific issues involving real estate law (including terms regarding purchase, development, buyback options, and other related matters).

5. Debtor seeks appointment of special counsel to assist Debtor with the evaluation of the offers for purchase, letters of intent, and purchase and sale agreements. Debtor submits that special counsel with real estate expertise is necessary because the Chapter 11 Plan will propose the sale, development, leasing and/or refinance of the Property; the significant value and development opportunities involve terms and legal analysis specific to real estate law; and the assistance of special counsel is necessary to allow Debtor to properly and fully evaluate each offer and contract proposed to Debtor.

6. Debtor further seeks the assistance of special counsel to evaluate potential claims against the secured creditor during the pre-petition period. In particular, Debtor received four prior offers for the purchase of the Property during the pre-petition period. However, Debtor is informed and believes that three of the pre-petition sales did not close because, after learning of the potential purchasers, the Bank was approaching those potential buyers and offering to sell the note at a

discounted price in lieu of the purchaser proceeding with the sale with Debtor. Thus, several prospective buyers indicated to the Debtor that they would not proceed with the purchase of the Property because, rather than buying the Property, the buyers could purchase the note from the bank for a price far less than the asking price for the Property (and presumably the buyer would then proceed to foreclosure). This, in turn, also significantly drove down each subsequent offering price. Debtor is therefore evaluating the existence of claims, if any, against the bank for this conduct and seeks the advice of specialized real estate counsel for such purpose.

7. For the foregoing reasons, Applicant desires the employment of the law firm of Rossi, Hamerslough, Reischl, and Chuck, 1960 The Alameda, Suite 200, San Jose, California 95126, (408) 261-4252 ("Counsel"), and in particular Samuel Chuck, as special counsel for debtor and debtor-in-possession herein. Applicant desires such appointment of special counsel for the reason that Counsel are skilled and specialize in real estate related matters and have special knowledge enabling Counsel to perform services of special benefit to Applicant. Counsel contemplates that Mr. Chuck will be the primary attorney working on this matter. Mr. Chuck's hourly rate is $395 per hour. Debtor shall also pay approved filing fees and costs incurred as approved by the Court.

8. Mr. Chuck (SBN 155326) was admitted to the California Bar in 1991. Mr. Chuck specializes in real estate and business matters, and has extensive experience in both commercial and residential development transactions, including negotiation of purchase and sale agreements, obtaining entitlements, coordinating and documenting development agreements, and related matters. Mr. Chuck is also an experienced litigator and has significant experience in real estate litigation. A copy of Mr. Chuck's resume is attached to this Application.

9. Counsel previously represented Debtor during the pre-petition period with respect to the same matters specified above, and is therefore familiar with the Debtor, the Property, and the status of the reorganization efforts which involve the Property. Counsel also represented Debtor in a dispute with a former prospective purchaser, Urban Dynamic, which failed to consummate a proposed sale and sought to obtain return of a deposit. Urban Dynamic filed suit against Debtor pre-

petition with respect to the deposit and related issues. The dispute with Urban Dynamic is now before this Court because Urban Dynamic has filed a Proof of Claim. Applicant believes that Urban Dynamic had filed a lis pendens, but that the lis pendens has been withdrawn.

10. Counsel has also represented other entities which are managed by Alpha Investments & Property Management (the management company which manages Debtor's Property, and which is owned by Albert Wang, a member of Debtor). Some of the entities which Mr. Chuck has represented are owned, in part, by member(s) of Debtor. Those representations are separate and distinct from the present representation, and the other matters have no involvement with this bankruptcy case. Further, the prior representations are complete, with the exception of one dispute with a tenant of an apartment building managed by Alpha Investments & Property Management. As such, no conflicts exist between Debtor and Counsel.

11. To the best of Applicant's knowledge, the counsel whom Applicant seeks to employ have no interest adverse to the debtor and have no connection with the debtor, its creditors, persons employed at the Office of the United States Trustee, or any other parties in interest and/or their respective attorneys or accountants, other than as disclosed herein. Applicant has not agreed to share compensation with any other entity or person other than in the ordinary course of business with those attorneys and employees under the employment of Applicant. To the extent that any balance is owing by Debtor to Counsel for pre-petition services, Counsel agrees to waive those fees in order to facilitate appointment as special counsel in this bankruptcy case.

12. The professional services rendered and to be rendered by counsel are generally as described above, including the review and negotiation of offers for purchase, letters of intent, purchase and sales agreements, and related contracts; interaction with prospective purchasers, developers, and related individuals/entities; completion of and rendering advice regarding proposed sales and other business opportunities; evaluation of the claims against the bank; if the Debtor elects to proceed with any claims against the bank, to initiate and prosecute such litigation; and conduct related acts in connection with these specified activities or other matters related to the Property. To

APPLICATION FOR APPOINTMENT OF COUNSEL 4

Case: 09-61196    Doc# 41    Filed: 03/19/10    Entered: 03/19/10 13:17:36    Page 4 of 6

the extent that the dispute with Urban Dynamic requires litigation in the bankruptcy case, Applicant also seeks Court approval for Counsel to render services related to any such litigation.

13. Applicant seeks to employ Counsel on an hourly basis, to be billed monthly. Applicant will seek further orders of this Court for periodic payment of the fees and costs incurred for such representation with payment to be made from the assets of the estate and/or the post-petition income of debtor and/or sources other than the Debtor. Counsel and Debtor have agreed to the terms of the representation detailed herein. All fees and costs shall be subject to Court approval.

WHEREFORE, Applicant prays that this Court make its order authorizing the employment of Counsel as requested herein, at the expense of Applicant and Applicant's estate, and for such other and further orders as the Court may deem proper.

Dated: March 9, 2010             By: /s/ Emily Chen
Emily Chen, Responsible Individual

ATTORNEY'S VERIFICATION

I, Samuel Chuck, declare:

1. I am a partner in the law partnership of Rossi, Hamerslough, Reischl, and Chuck.

2. To the best knowledge, information and belief of Declarant neither Rossi, Hamerslough, Reischl, and Chuck, nor any attorney or staff member of Counsel have any interests adverse to the debtor and have no connection with the debtor, its creditors, persons employed at the Offices of the United States Trustee, or any other parties in interest and/or their respective attorneys and accountants, other than as disclosed herein.

3. Applicant has not agreed to share compensation with any other entity or person other than in the ordinary course of business with those attorneys and employees under the employment of Applicant.

4. The disclosures in Paragraph 9 and 10 are correct to the best of my knowledge.

Executed on March 17, 2010, at San Jose, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                  /s/ Samuel Chuck
                                                  SAMUEL CHUCK